# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TYRONE HAMPTON,

        Plaintiff,

        v.

ARNALDO HERNANDEZ and
THAI NOM,

        Defendants.

Case No. 3:23-cv-00234-JMK

## SCREENING ORDER

On October 11, 2023, self-represented prisoner Tyrone Hampton ("Plaintiff") filed a civil complaint and a civil cover sheet.[1] After the Court notified Plaintiff that his filing was deficient,[2] Plaintiff paid the filing fee.[3] Plaintiff is a federal pretrial detainee incarcerated in the Anchorage Correctional Complex in the custody of the Alaska Department of Corrections ("DOC").[4] Plaintiff claims DOC Superintendent Arnaldo Hernandez and DOC Kitchen Steward Nom Thai ('Defendants") violated the Eighth Amendment when they knowingly served him—or allowed him to be

---

[1] Dockets 1–2.

[2] Docket 4.

[3] Filing fee: $402, receipt number 100020685 (Entered: 10/31/2023).

[4] The Court takes judicial notice of Plaintiff's ongoing federal criminal prosecution in *United States v. Hampton,* Case No. 3:22-cr-00084-JMK-MMS. *See* Fed. R. Civ. P. 201 (a court can take judicial notice of its own files and records).

served—fish disguised as chicken nuggets despite his documented fish allergy.[5] He also complains that Defendants continuously fail to accommodate his allergy by regularly serving him tuna fish. For relief, Plaintiff requests damages in the amount of $500,000.00, punitive damages in the amount of $250,000.00, and an order requiring Defendants to stop tampering with his medical conditions.[6]

The Court now has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Read as a whole and liberally construed, Plaintiff's Complaint fails to state a claim for violation of his civil rights. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint in accordance with the guidance herein.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[7] In its review, a district court must identify any cognizable claims and dismiss a claim if it finds the claim:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[5] Dockets 1 at 3, 1-1 at 12.

[6] Docket 1 at 8 (cleaned up).

[7] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 2 of 11
Case 3:23-cv-00234-JMK   Document 7   Filed 05/16/24   Page 2 of 11

>   (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In its screening, a district court must liberally construe a self-represented plaintiff's complaint, accepting the alleged facts as true, construing the pleading in the light most favorable to the plaintiff, and resolving all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Further, although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). *See also Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe pro se pleadings liberally and afford the self-represented litigant the benefit of any doubt).

[10] *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 3 of 11
Case 3:23-cv-00234-JMK   Document 7   Filed 05/16/24   Page 3 of 11

**DISCUSSION**

**I.      Requirements to State a Claim**

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[14] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[18] Rule 8 requires "simplicity,

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[15] *Ashcroft*, 556 U.S. at 678.

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[18] *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 4 of 11
Case 3:23-cv-00234-JMK   Document 7   Filed 05/16/24   Page 4 of 11

directness, and clarity," such that each defendant easily should be able to determine "what he is being sued for."[19]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[21] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[22] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

## III. Conditions of Confinement Claims

Convicted prisoners who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process

---

[19] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996).

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[22] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 5 of 11

Clause.[24] But under both clauses, the inmate must show that the prison official acted with deliberate indifference.[25] "Deliberate indifference is a high legal standard.[26] A showing of mere negligence is insufficient to establish a constitutional violation.[27]

To state a plausible claim for unconstitutional conditions of confinement, a plaintiff must demonstrate a deprivation of "the minimal civilized measures of life's necessities."[28] Correctional officials must provide inmates with "food, clothing, shelter, sanitation, medical care, and personal safety."[29] However, the constitution only requires that inmates receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."[30] Further, the fact that "the food occasionally contains foreign objects or sometimes is served cold, while

---

[24] *See Bell v. Wolfish,* 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc).

[25] *See Shorter v. Baca*, 895 F.3d 1176, 1182 n.4 (9th Cir. 2018) ("Although claims by pretrial detainees arise under the Fourteenth Amendment and claims by convicted prisoners arise under the Eighth Amendment, our cases do not distinguish among pretrial and post-conviction detainees for purposes of the excessive force, conditions of confinement, and medical care deference instructions.").

[26] *Hamby v. Hammond,* 821 F.3d 1085, 1092 (9th Cir. 2016).

[27] *Id.*

[28] *Allen v. Sakai,* 48 F.3d 1082, 1084 (9th Cir. 1995) (*citing Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).

[29] See *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Wright v. Rushen*, 642 F.2d 1129, 1132–33 (9th Cir. 1981).

[30] *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259–60 (9th Cir. 2016) (concluding that county's nutrition policy for pregnant prisoners did not violate the Eighth Amendment); *Foster v. Runnels*, 554 F.3d 807, 812–13, 813 n.2 (9th Cir. 2009); *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 6 of 11
Case 3:23-cv-00234-JMK   Document 7   Filed 05/16/24   Page 6 of 11

unpleasant, does not amount to a constitutional deprivation."[31] "Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to" amount to a constitutional violation.[32] If an inmate "regularly and frequently suffer[s] . . . with truly serious medical complications as a result of particular, known . . . practices which are customarily followed by the prison food service organization, and the authorities without arguable justification refuse to attempt remedial measures, the requisite deliberate indifference might well be manifested or inferred."[33]

The medical records filed with the Complaint confirm Plaintiff had an allergic reaction on May 1, 2023.[34] However, Plaintiff's "mild to moderate symptoms" were resolved with one Benadryl.[35] Although he claims DOC staff continue to regularly serve him tuna and believes someone is trying to hurt him by poisoning him,[36] Plaintiff has not plead facts to support a claim that Defendants served him inedible food with the intent to cause harm. Further, to the extent he intends to bring claims based on events occurring after the May 1, 2023, incident, he has not said how

---

[31] *LeMaire*, 12 F.3d at 1456 (citation and internal quotation marks omitted); *see also Foster*, 554 F.3d at 813 n.2.

[32] Bennett, 2004 WL 2091473, at *20.

[33] *Lyons v. Peters,* Case No. 3:17-CV-00730-SI, 2019 WL 3291529, at *7 (D. Or. 2019).

[34] Docket 1-1 at 12.

[35] *Id. See also* Docket 1-1 at 12 (in response to the grievance regarding the alleged incident on May 1, 2023, Sergeant Starkweather "confirmed with Medical Supervisor Sparks that Hampton did see nursing for an allergic reaction that day and he was provided Benadryl."); Docket 1-2 at 5 (noting Plaintiff refused additional treatment and confirmed his symptoms resolved before he left medical).

[36] Docket 1-1 at 19.

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 7 of 11
Case 3:23-cv-00234-JMK   Document 7   Filed 05/16/24   Page 7 of 11

often this occurred, the dates on which the occurred, or established a connection between Defendants and each incident. Nor has he claimed any long-term consequences or serious adverse health impacts, such as significant weight loss or serious medical complications. Therefore, the Complaint is DISMISSED for failing to state a plausible claim. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint.

## Filing an Amended Complaint

Plaintiff is accorded **60 days** from the date of this order to file an amended complaint. An amended complaint replaces the prior complaint in its entirety.[37] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[38] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[39] An amended complaint may not include any claims or

---

[37] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[38] Fed. R. Civ. P. 8(a)(2).

[39] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 8 of 11

defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**Plaintiff's Motion to Certify**

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 9 of 11
Case 3:23-cv-00234-JMK   Document 7   Filed 05/16/24   Page 9 of 11

4. Plaintiff's motion to certify the payment of the filing fee in this case at **Docket 5 is DENIED as moot.**[40]

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[41] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[42] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

---

[40] *See* Local Civil Rule 7.1. *See also* MOOT, Black's Law Dictionary (11th ed. 2019) ("[h]aving no practical significance; hypothetical or academic.").

[41] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[42] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 10 of 11
Case 3:23-cv-00234-JMK   Document 7   Filed 05/16/24   Page 10 of 11

8. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 16th day of May, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00234-JMK, *Hampton v. Hernandez, et al.*
Screening Order
Page 11 of 11
Case 3:23-cv-00234-JMK   Document 7   Filed 05/16/24   Page 11 of 11