IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TYRONE HAMPTON,

        Plaintiff,

    v.

ARNALDO HERNANDEZ, Department of Correction Superintendent, *et al.*,

        Defendants.

Case No. 3:23-cv-00234-SLG

## ORDER RE PENDING MOTIONS

This order addresses two pending motions filed by Plaintiff Tyrone Hampton. At Docket 31, Plaintiff filed a Motion for Temporary Restraining Order. Defendants filed an opposition to the motion at Docket 33, to which Plaintiff replied at Docket 35. And at Docket 32, Plaintiff filed a Renewed Motion to Compel. Defendants filed an opposition to the motion at Docket 34, to which Plaintiff replied at Docket 36.

## LEGAL STANDARD

I. <u>Temporary Restraining Order</u>

In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of

equities tips in their favor; and (4) a preliminary injunction is in the public interest.[1] When, as here, the government is a party to the action, the balance of equities factor and the public interest factor merge.[2] The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[3]

Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as a part of the four-element *Winter* test."[4] Under that approach, if a plaintiff shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor.'"[5] "Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'"[6] They "need not promise a certainty of success, nor

---

[1] *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The standard for obtaining a temporary restraining order is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[2] *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

[3] *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[4] *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

[5] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[6] *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)); *see also Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1273 (N.D. Cal. 2014) ("'Serious questions' refers to questions 'which cannot be resolved

Case No. 3:23-cv-00234-SLG, *Hampton v. Hernandez, et al.*
Order re Pending Motions
Page 2 of 5
Case 3:23-cv-00234-SLG   Document 38   Filed 12/22/25   Page 2 of 5

even present a probability of success, but must involve a 'fair chance on the merits.'"[7] All four *Winter* elements must still be satisfied under this approach,[8] but the last two elements—the balance of hardships and consideration of the public interest—merge when the government is a party to the action.[9]

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[10]

II.     Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery, and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case."  Under Rule 34, a party may serve requests for production asking for the production of documents and tangible things that are "in the responding party's possession, custody, or control."[11]  Documents are "deemed to be within [a party's]

---

one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo . . . .'" (quoting *Gilder*, 936 F.2d at 422)).

[7] *Gilder*, 936 F.2d at 422 (quoting *Marcos*, 862 F.2d at 1362).

[8] *All. for the Wild Rockies*, 632 F.3d at 1135 ("Of course, plaintiffs must also satisfy the other *Winter* factors.").

[9] *Nken v. Holder*, 556 U.S. 418, 435 (2009).

[10] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (quoting *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[11] Fed. R. Civ. P. 34(a)(1).

Case No. 3:23-cv-00234-SLG, *Hampton v. Hernandez, et al.*
Order re Pending Motions
Page 3 of 5
Case 3:23-cv-00234-SLG     Document 38     Filed 12/22/25     Page 3 of 5

'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand."[12]  If a responding party fails to provide requested documents, the other party may move under Rule 37 for an order compelling their production.[13]  "The party that resists discovery has the burden to show why the discovery request should be denied."[14]

## DISCUSSION

### 1. Motion for Temporary Restraining Order

Plaintiff's motion alleges that D.O.C. staff tampered with his food from July 24, 2025 through July 31, 2025, by giving him "meal trays that were less than half of what the rest of the inmates got" and that "staff were reluctant to fix the issue."[15] He seeks an order requiring "Defendants to provide Plaintiff with nutritionally adequate food."[16]  Attached to Plaintiff's motion are documents pertaining to his administrative grievance of this incident.  These documents indicate that Plaintiff's food trays were not portioned correctly on July 24 and July 25, 2025, and that when Plaintiff showed his trays to the officers on duty, they "resolved the issues that day

---

[12] *FDIC v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010) (emphasis omitted) (quoting 8B Wright, Miller & Marcus, *Federal Practice and Procedure* § 2177 (3d ed. 2010)).

[13] Fed. R. Civ. P. 37(a)(3)(B).

[14] *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

[15] Docket 31 at 5.

[16] Docket 31 at 7.

Case No. 3:23-cv-00234-SLG, *Hampton v. Hernandez, et al.*
Order re Pending Motions
Page 4 of 5
Case 3:23-cv-00234-SLG     Document 38     Filed 12/22/25     Page 4 of 5

by having the kitchen send appropriate portions."[17] Based on the foregoing, Plaintiff has failed to demonstrate that as a result of the food incidents in July 2025, he is likely to suffer irreparable harm during the course of this litigation in the absence of a temporary restraining order compelling Defendants to provide him with nutritionally adequate food. Therefore, the motion at Docket 31 is DENIED.

### 2. Renewed Motion to Compel

In this motion, Plaintiff asks the Court to order Defendants to make certain video footage available to him. In their opposition, Defendants indicate that the video footage is available once Plaintiff pays the fee for reproducing it, and therefore the motion should be denied as moot. In his reply, Plaintiff notes Defendants have produced most of the video footage, but Defendants have indicated that "one of the requested videos was inadvertently not preserved."[18]

Being that this Court cannot rationally order a party to produce a video that does not exist, the motion to compel at Docket 32 is DENIED as moot.

The Court notes that Plaintiff has recently filed a Motion for Spoilation Sanctions at Docket 37 to address the lost video; that motion will be addressed when ripe.

DATED this 22nd day of December, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] Docket 31-1 at 11.

[18] Docket 36 at 5 (quoting Docket 36-2 at 2).

Case No. 3:23-cv-00234-SLG, *Hampton v. Hernandez, et al.*
Order re Pending Motions
Page 5 of 5
Case 3:23-cv-00234-SLG    Document 38    Filed 12/22/25    Page 5 of 5