TYRONE HAMPTON,

              Plaintiff,

  v.

ARNALDO HERNANDEZ, NOM THAI,
and BRITNEY TES,

              Defendants.

Case No. 3:23-cv-00234-ACP

## ORDER DENYING MOTION
## FOR SPOLIATION SANCTIONS

Before the Court is Tyrone Hampton's Motion for Spoliation Sanctions.[1] The Defendants filed a response in Opposition and Hampton filed a Reply.[2] Hampton seeks various sanctions because the Defendants lost video footage that likely should have been preserved. For the following reasons, the Court finds that Hampton has not met the standard for awarding sanctions. The Motion is therefore **DENIED**.

## I.     BACKGROUND

Tyrone Hampton is incarcerated, and he has a severe allergy to fish.[3] He filed a complaint alleging that on March 12, 2024, kitchen stewards at the Alaska Department of Corrections (DOC) violated his rights by serving him fish and causing a severe allergic reaction.[4] During the grievance process, Hampton asked DOC to preserve video footage of the event.[5] Sergeant Strawther granted

---

[1] Dkt. 37 (Motion for Spoliation Sanctions).
[2] Dkt. 44 (Opposition); Dkt. 46 (Reply).
[3] Dkt. 1.
[4] *Id.*
[5] Dkt. 44 at 2, Exh. A.

that relief.[6] He emailed the Security Sergeant asking to "save a copy" of the relevant video.[7] But there was a typo in the email request.[8] Instead of asking to save footage from the date when Hampton was allegedly served fish (March 12), the email asked to preserve footage from the next day (March 13).[9] The relevant video footage from the day of the incident (March 12) was then deleted under DOC's normal retention policy.[10]

Earlier in this litigation, the Court issued an order authorizing the DOC Defendants to produce "prisoner surveillance video in its possession" related to Hampton's case.[11] Hampton then asked for the March 12 video footage, learned it was deleted, and moved for spoliation sanctions.[12] Hampton argues that the DOC Defendants "acted with the intent to deprive [him] of the video use in this litigation."[13] In his view, this constitutes bad faith justifying harsh spoliation sanctions.[14] Hampton specifically requests $7,500 in fees, an order precluding the DOC Defendants "from using any of its own recordings at trial," an opportunity to present evidence of spoliation at trial, and an order allowing the jury to consider that evidence.[15]

The DOC Defendants opposed the motion for spoliation sanctions.[16] They argue that DOC took reasonable steps to preserve the video and that accidental human error explains the video's

---

[6] Dkt. 44 at 2.

[7] Dkt. 44, Exh. C.

[8] Dkt. 44, Exh. A-C.

[9] Dkt. 44, Exh. C ("Hampton has filed a grievance regarding him eating fish that was in soup on 3-13-24 even though he has a document allergy to fish . . . . The time according to the reports was between 1100-1130 on 3-13-24.").

[10] Dkt. 44, Exh. A at 2.

[11] Dkt. 30 at 1.

[12] Dkt. 37.

[13] Dkt. 37 at 7.

[14] Dkt. 37 at 9.

[15] Dkt. 37 at 11-12.

[16] Dkt. 44.

destruction.[17] They also argue that the evidence "can be restored or replaced through additional discovery," including deposing eyewitnesses.[18]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(e) governs spoliation sanctions when electronically stored information (ESI) is involved. The Rule begins with three elements. Under those, a court may consider spoliation sanctions only if (1) ESI that "should have been preserved" (2) is lost because a party failed to "take reasonable steps to preserve it" and (3) it "cannot be restored or replaced through additional discovery."[19]

When these threshold elements are met, the Rule forks down two paths. The first deals with spoliation that is accidental or unintentional but still prejudices the opposing party. In this situation, the Court is limited to "order[ing] measures no greater than necessary to cure the prejudice."[20] The second path deals with intentional spoliation and serious misconduct. If the Court finds "that the party acted with the intent to deprive another party of the information[]," it may order harsher sanctions, including an adverse inference or even dismissal.[21] But this requires finding that a party engaged in "willful destruction of evidence with the purpose of avoiding its discovery by an adverse party."[22] Relevant considerations "include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation."[23]

---

[17] Dkt. 44 at 4-5.
[18] Dkt. 44 at 5-6.
[19] Fed. R. Civ. P. 37(e).
[20] *Id.* at (e)(1).
[21] *Id.* at (e)(2).
[22] *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024).
[23] *Id.*

### III.    ANALYSIS

Hampton has not proved all three elements necessary to impose ESI-related spoliation sanctions. As to the first element, the DOC Defendants concede, and the Court agrees, that it is met because the March 12 video footage should have been preserved.[24]

But the second element is met only if a party fails to "take reasonable steps to preserve" the evidence at issue. And here, the DOC Defendants took meaningful steps to preserve the March 12 video footage. During the grievance process, Sargeant Strawther asked the Security Sargeant to preserve the footage by email on March 26, just two weeks after the incident.[25] He wrote "[e]ven though we require a court order for video footage I am inclined to just ask if you would save a copy."[26] The Security Sargeant responded the next day, saying "I made a copy of the date below . . . [w]hen something is substantiated I have no problem making recordings."[27] The only reason the video was not preserved is because there was a typo in the email sent by Sargeant Strawther.[28] His declaration explains that this "error does not happen regularly . . . . [T]his is the only incident [he] is aware of in which the wrong day" was preserved.[29]

The Court concludes that these were "reasonable steps to preserve" the March 12 video footage. Crucially, DOC took timely, affirmative steps to preserve the video.[30] And the process DOC used is known to work effectively in almost all situations because "this error does not happen regularly."[31] Also, DOC is so large that it cannot be expected to retain all surveillance footage

---

[24] Dkt. 44 at 4 ("[T]he first portion of the threshold inquiry of FCRP 37(e) appears to be satisfied.").
[25] Dkt. 44, Exh. C.
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] Dkt. 44, Exh. A There is no meaningful evidence in the record contradicting this account.
[30] Dkt. 44, Exh. A-C.
[31] *Id.*

indefinitely.[32] Because the DOC defendants took reasonable steps to preserve the video, spoliation sanctions are not appropriate.[33]

The Court also finds that the DOC evidence custodians did not intentionally destroy the video footage. There is neither direct nor circumstantial evidence that the video was "will[fully]" destroyed.[34] Rather, the situation is entirely explained by Sargeant Strawther's unfortunate, but good-faith, request to preserve footage from the wrong date. That does not warrant harsh spoliation sanctions.

However, DOC did lose evidence that likely should have been preserved. To redress that error, Hampton may engage in additional discovery to try to compensate for the lost video footage. Hampton may, within 30 days, send a supplemental discovery proposal to the DOC Defendants— that is due on May 4, 2026. If he submits a proposal and the parties disagree about how to proceed, they shall try to come to an agreement before seeking guidance from the Court. Any future motions about this issue must detail all efforts to resolve the parties' dispute without the Court's intervention.

## IV. CONCLUSION

For the foregoing reasons, Hampton's Motion for Spoliation Sanctions is **DENIED**. Hampton may send a supplemental discovery proposal to the DOC Defendants **on or before May 4, 2026.**

---

[32] *See* 2015 Advisory Committee Notes on Fed. R. Civ. P. 37(e) ("Due to ever-increasing volume of electronically stored information . . . perfection in preserving all relevant electronically stored information is often impossible [so] the routine, good-faith operation of an electronic information system [is] relevant.").

[33] *Id.* ("This rule recognizes that 'reasonable steps' to preserve suffice; it does not call for perfection.").

[34] *See Jones*, 95 F.4th at 735.

Pursuant to the Court's March 26 text order, the issuance of this order triggers a 15-day deadline requiring the Defendants to "notify the Court whether they will withdraw the Motion for Summary Judgment, file an Amended Motion for Summary Judgment, or propose an alternative."[35] Given the possibility of further discovery, the 15-day deadline is **VACATED**. The new deadline for that filing is **on or before May 19, 2026**.

IT IS SO ORDERED.

DATED April 2, 2026

/s/ *Aaron Christian Peterson*
AARON CHRISIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[35] Dkt. 49.